ALD-296                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3049
_____

In re:  MICHAEL A. GARCIA,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. No. 12-cv-01657)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 27, 2012
Before:  SLOVITER, FISHER AND WEIS, Circuit Judges

(Opinion filed: October 4, 2012 )
_____

OPINION
_____

PER CURIAM.

Pro se petitioner Michael A. Garcia seeks a writ of mandamus to compel the

United States District Court for the District of New Jersey to rule upon his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Garcia filed his § 2241 petition in March 2012 arguing that prison officials

improperly denied him access to a Residential Drug and Alcohol Program necessary to

earn early release incentives.  In May 2012, the Government had not filed its response,

1

and Garcia filed a motion for an order to show cause. In July 2012, Garcia filed the present petition for writ of mandamus seeking to compel the District Court to rule on his § 2241 petition.

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976); In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Kerr, 426 U.S. at 402. A petitioner seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted); see also In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).

As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). In this case, Garcia's petition had been pending for only four months at the time he filed his mandamus petition. While such a period of inaction by a district court may be troubling, see id. at 79, it does not warrant the issuance of a writ of mandamus.

2

Finally, we note that Garcia's § 2241 petition is his third. At the time it was filed, the District Court had already rejected one of his attempts at habeas relief, <u>see</u> <u>Garcia v. Zickefoose</u>, No. 10–1725 (JBS), 2011 WL 6179785, Slip Copy (D.N.J. Dec. 12, 2011), and a second was pending but has since been dismissed. <u>Garcia v. Zickefoose</u>, No. 11–7030, 2012 WL 4120509, Slip Copy (D.N.J. Sept. 18, 2012). In light of the District Court's attention in those action, we are confident that Garcia's remaining § 2241 petition will be considered in a timely fashion.

For the reasons we have given, we will deny Garcia's petition for a writ of mandamus.